# Conger *v.* Wiggins, Appellant.

*Negligence—Building—Contractor—Province of court and jury.*

In an action by the wife of an employee of a subcontractor against a contractor for the construction of a hotel building, it appeared that before the completion of the building, the contractor, in order to protect a skylight from falling debris, caused some scantling to be nailed to window sills, and extended out over the skylight.    Upon the scantling some loose boards were placed so as to intercept anything which might otherwise fall upon the glass.    There was nothing in the testimony to indicate that the structure was intended to be used as a scaffold; but there was some evidence tending to support the claim that it was liable to mislead workmen into the supposition that it was a scaffold.    Deceased walked out over the structure which broke under his weight and he was killed.    *Held,* (1) that it was error for the court to assume in its charge that the structure was a scaffold; (2) that the question of defendant's negligence and the deceased's contributory negligence was for the jury.

Argued Jan. 7, 1904.    Appeal, No. 238, Jan. T., 1903, by

defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1900, No. 767, in case of Minnie E. Conger v. John R. Wiggins. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ.   Reversed.

Trespass for death of plaintiff's husband.   Before FINLET-TER, P. J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $3,000.   Defendant appealed.

*Error assigned* among others was refusal of binding instructions for defendant.

*Frank P. Prichard,* with him *James Wilson Bayard,* for appellant.—A general contractor is not liable to the employees of a subcontractor to whom he is under no duty to furnish a scaffolding for injuries suffered through their attempt to use as a scaffolding a temporary plank skylight covering : Nuss v. Rafsnyder, 178 Pa. 397 ; Armour v. Hahn, 111 U. S. 313 (4 Sup. Ct. Repr. 433) ; Maguire v. Magee, 22 W. N. C. 159 ; Brady v. Prettyman, 193 Pa. 628 ; Rowan v. Prettyman, 194 Pa. 443.

*Samuel Peltz,* for appellee.

OPINION BY MR. JUSTICE POTTER, February 6, 1904 :

Plaintiff's husband, Theodore Conger, lost his life on September 5, 1900, under the following circumstances :

He was employed as a plumber at The Albemarle, an apartment house, which was under construction at the corner of Thirteenth and Walnut streets, Philadelphia.   His employers, Newell & Brother, had the subcontract for the plumbing, and the defendant, John R. Wiggins, was engaged as the general contractor for the erection of the building.

The first floor was fitted up as stores in advance of the completion of the rest of the building.   These store rooms were covered with a skylight at the rear.   In order to protect this skylight from the debris and refuse which might be dropped by the bricklayers and other mechanics who were at work

upon the upper stories, the general contractor directed that
some scantling be nailed to the second story window sills, and
extended out over the skylight, and upon them some loose
boards were placed so as to intercept anything which might
otherwise fall upon the glass.

In the course of the work it became necessary to connect a
drain from the skylight with a pipe below. The opening to the
pipe through the ceiling had been plastered over by mistake,
and in order to make the connection, it was necessary to restore
this opening through the plaster. To find the exact location of
the outlet, the decedent directed a fellow workman named Korn-
man to go out on the skylight above, and push a stick down
the pipe and tap the ceiling so that decedent, standing below,
could determine the exact spot. With this end in view, Korn-
man went upstairs to the second floor; stepping out of a win-
dow he started towards the gutter opening. Decedent, instead
of remaining below, had followed him upstairs and stepped
out upon the boards after him, whereupon the structure col-
lapsed; both men fell into the adjoining yard, and the decedent
received the injuries from which he died.

At the trial of this case, the real point of inquiry was
whether the structure complained of was a scaffolding, or
intended to be used as such, or was merely a covering for the
skylight beneath it, upon which the decedent had no right
nor occasion to go. The trial judge, however, in his charge
to the jury assumed that the structure was a scaffold, and was
intended for use as such, and submitted the case to the jury
for them to determine whether or not it was defectively erected
as a scaffold, or had become defective by use or otherwise.

But this was not under the evidence a disputed question of
fact. A careful reading of the testimony does not disclose
anything which indicates that the structure was in any sense
intended to be used as a scaffold. On the contrary, it appears
clearly that it was built for an entirely different purpose, and
that it was merely a shield or cover, and was never intended
for workmen to stand upon, or walk over, or to support any
weight. If the only question in the case were as to the suf-
ficiency of the structure, for the purpose for which it was
without doubt intended, the defendant would have been en-
titled to binding instructions in his favor.

But it was contended upon the part of the plaintiff, and there is some evidence tending to support the claim, that the structure, from its situation, its form of construction, and its convenience of access from the open windows, was liable to mislead workmen into the supposition that it was a scaffold, and lead them to use it as such, and that the defendant was therefore negligent in not posting a warning, or barring the open windows which led to it. While none of plaintiff's witnesses testified that they were led by defendant to believe that the skylight covering was to be used as a scaffold, for men to stand upon, yet they do say that they were not warned against its use in any way. Whether or not, under the particular circumstances, any warning was necessary or should have been given, was perhaps a matter for the consideration of the jury. The evidence to justify such a submission is rather scant, but we are not prepared to say that it is entirely lacking in the case. Even if the defendant did omit to bar the way to what might have been mistaken for a scaffold, or to give notice that it was not to be used as such, yet the decedent would not have been justified in walking out upon it, without such observation of it, as a prudent workman having due regard to his own safety, would give to it. The testimony on behalf of the defendant, if believed by the jury, would indicate that the structure was transparently unsafe, and that the temporary and flimsy character of the covering must have been apparent to any one who gave it even the most casual examination.

We think upon the whole there is a question in the case for the jury. It is for them to draw from the testimony the inferences as to whether the structure from its position and appearance was calculated to mislead the deceased ; or whether upon the other hand, he could with the exercise of due care and prudence, have discovered that it was not a scaffold, and was not safe for him to venture upon.

The second assignment of error is sustained, the judgment is reversed, and a venire facias de novo is awarded.